ELIZA KEMPER, Administratrix of JOHN KEMPER, Deceased, vs.
THE CORPORATION OF VICTORIA — Appeal from Victoria
County.

When it is shown that a colonist was entitled, under colonization laws, to
a lot in the colonial town, to be selected by himself, the undisturbed pos-
session of a lot in the town for several years by a colonist is presumptive
evidence of title. [1 Tex. 693.]

This is an action of trespass to try title. The suit in most
respects is similar in its features to a cause tried in the county
of Jackson, between the same parties, and which has been re-
vised in this court at the present term. [See *ante*, 135.] The
most essential difference between the two cases grows out of
the right of one Esparsa, under whom the intestate of the
appellant claimed. The facts connected with that right are
stated in the opinion of the court.

J. W. ROBINSON for appellant.

CUNNINGHAM for appellee.

Opinion of the court delivered by Mr. Justice LIPSCOMB.

This suit was brought by the corporation of the town of
Victoria to recover certain lots of land within the town tract.
It was brought against A. M. Wigginton, who was in posses-
sion. On the application of Kemper, appellant's intestate, as
landlord of Wigginton, he was substituted as defendant, and
set up title in himself. There are many points reserved by
the different bills of exception taken in the progress of the
trial. It will be found that most of them have been disposed
of in the opinion of this court in a case between these parties
tried in Jackson county, brought up by appeal. It will not
be necessary to consider but one ground out of the many pre-
sented. After a verdict for the plaintiff in the court below,
a new trial was asked on the ground of the verdict being con-
trary to evidence, and refused by the court.

It was in evidence that one Esparsa was found in the pos-
session of the lot in question in 1832; that he continued to
occupy it until 1836; cultivated the land, and built thereon a

house; that he then left for a short time and returned again in 1837, and authorized an agent to sell the lot for him; that it was sold by the agent to Miller, under whom the appellant's intestate claims. It appears that the possession of Esparsa was continued by Miller and Kemper down to the bringing of this suit, unless the temporary absence of Esparsa, in 1836, interrupted it. It was in proof that Esparsa was a colonist, and as such was entitled to a lot in the town proper, and to a labor, without its limits. It was also in proof that it was customary for those entitled to lots to select them, and it was the opinion of the witness that no other title was given. That Esparsa was the ferryman, and witness was of the opinion that the lot had been assigned to him because it was convenient to the ferry. There was no testimony tending to rebut the presumption of title from the possession; in the absence of such explanatory evidence, it does seem that the presumption would be in favor of title in the possessor, the more especially when sustained by the evidence before recapitulated; this possession may have been contemporaneous with the laying out the town, because the witness says that he was in possession when witness went there in 1832; this suit was commenced in February, 1842. If Esparsa held possession for the corporation, if he was ferryman for the public authorities of the town, and occupied the lot most convenient to the ferry, as such agent, these facts would have gone to the jury to rebut the evidence of title arising out of the possession; but in the absence of all such explanatory evidence, it would seem that the legitimate presumption is in favor of possession; and the jury having found against the defendant, their verdict was contrary to evidence, and ought to have been set aside. Judgment reversed, and cause remanded.